UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEAN K. CONQUISTADOR,<br>    Plaintiff,<br><br>    v.<br><br>HARTFORD POLICE DEPARTMEMNT, et al.,<br>    Defendants. | No. 3:16-cv-151 (MPS) |

## RULING ON MOTION TO DISMISS

### I.   Introduction

On February 1, 2016, Plaintiff Jean Conquistador brought this lawsuit against the City of Hartford, Hartford Police Department, Hartford Police Officer Jones, and Hartford Police Officer Welson, alleging a violation of his constitutional rights under 42 U.S.C. § 1983. Defendants have moved to dismiss the complaint because the plaintiff has failed to state a claim upon which relief can be granted. For the reasons stated below, the Motion to Dismiss is GRANTED.

### II.  Background

#### A. Allegations

The plaintiff alleges the following facts. On January 25, 2016, the plaintiff was "robbed at gun point by two young men." (Complaint, ECF No. 1 at ¶ 8.) On January 26, 2016, the plaintiff went to the suspects' residence "in a peaceful attempt to recover his mobile phone." (*Id.* at ¶ 9.) He did not report the initial robbery. (*Id.*) The plaintiff was chased by one of the suspects and as he fled, the plaintiff noticed that "the suspect held a handgun in his hand." (*Id.* at ¶ 10.) That same day, the plaintiff stopped a Hartford Police car operated by Defendant Jones. (*Id.* at ¶ 11-12.) Plaintiff informed Jones that he was robbed on January 25 and the men had taken his wallet, student I.D., house keys, phone, social security card, and other items, and that one of the suspects with a gun had chased him while "attempting to shoot, possible murder the

plaintiff." (*Id.* at ¶ 13.) The plaintiff gave Jones and Welson a good description of the suspect. (*Id.* at ¶ 14.) Jones and Welson then asked the plaintiff "multiple irrelevant and impertinent questions." (*Id.* at ¶ 15-17.) The plaintiff was "transported to his mother's residence." (*Id.* at ¶ 18.) Welson asked the plaintiff if his mother would come out to speak with them, and the plaintiff replied that "he was not going to wake his mother to speak with him, as it was an unnecessary thing to do such." (*Id.* at ¶ 19.) Welson then asked to speak with the "young lady that opened the door," and the plaintiff informed them that the woman was his brother's "spouse" or "girlfriend." (*Id.* at ¶ 20.) Welson asked the plaintiff to get her because he wanted to speak with her "one on one." (*Id.*) The plaintiff replied that this was "insulting." (*Id.*)

The plaintiff volunteered to go with Welson and Jones to recover his property, but was told that he could not go. (*Id.* at ¶ 21-22.) They asked where he was initially robbed and he gave them an "accurate description." (*Id.* at ¶ 23-24.) Welson then called the plaintiff's mother's phone and told the plaintiff that they "could not find the building where the incident transpired." (*Id.* at ¶ 25.) None of the suspects were arrested. (*Id.* at ¶ 27.)

### B. Procedural History

Plaintiff filed his complaint and a motion to proceed *in forma pauperis* on February 1, 2016. (ECF Nos. 1, 2.) The Court denied the motion to proceed *in forma pauperis* and dismissed the complaint without prejudice on February 10, 2016. (ECF No. 6.) The Court granted a motion to reopen the case and the plaintiff's motion to proceed *in forma pauperis* on June 15, 2016. The Defendants filed a Motion to Dismiss on August 18, 2016.

### III. Standard

Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570. Under *Twombly*, the Court accepts as true all of the complaint's factual allegations when evaluating a motion to dismiss. *Id*. at 572. The Court must "draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). "When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendants['] motion to dismiss." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004). For a complaint to survive a motion to dismiss, "[a]fter the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *In re Fosamax Products Liab. Litig.*, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010).  In other words "a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 86 (2d Cir. 2015) (internal quotation marks and citation omitted).

## IV. Discussion

The plaintiff invokes 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendment rights. To state a claim under Section 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983.

### 1. Defendant Hartford Police Department

The plaintiff names the Hartford Police Department as a defendant but does not otherwise allege facts to support a claim against the department. The claim against the Hartford Police Department is dismissed because a municipal police department is not a "person" subject to suit within the meaning of 42 U.S.C. § 1983. *Petaway v. City of New Haven Police Department*, 541

F. Supp. 2d 504, 510 (D. Conn. 2008); s*ee also Rose v. City of Waterbury*, No. 3:12cv291, 2013 WL 1187049, at *9 (D. Conn. 2013) (dismissing the Waterbury Police Department as a defendant in a Section 1983 suit because the "Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued.").

### 2. Defendant City of Hartford

"A municipality may be liable under Section 1983 for any 'policy or custom' that causes a 'deprivation of rights protected by the Constitution.'" *Canzoneri v. Inc. Village of Rockville Centre*, 986 F. Supp. 2d 194, 204 (E.D.N.Y. 2013) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 439 U.S. 658, 690 (1978)). To state such a claim, the plaintiff must allege that "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quotations and citations omitted). "The failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." *Id.* at 195 (quotations and citations omitted).

Plaintiff has failed to allege any official policy or custom, or any claim that the City of Hartford failed to train or supervise its employees.  Furthermore, as discussed below, there is no underlying constitutional violation.  Thus, the claim against the City of Hartford is dismissed.

### 3. Defendant Officers

Plaintiff asserts claims against the individual officers in their official and individual capacities.  With respect to the claims made against the officers in their official capacities, "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against

an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 690 n.55 (1978)). A claim against the Hartford Police officers in their official capacities would be a claim against the City of Hartford. *See id.* As discussed above, to state a so-called *Monell* claim against a municipality, a plaintiff must identify a municipal policy or custom that was the "moving force behind" a constitutional injury. *See Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). Plaintiff does not identify a municipal policy or custom in his Complaint. To the extent that the Complaint seeks damages from the Hartford Police officers in their official capacities, *i.e.*, from the City of Hartford, such claims are dismissed because the plaintiff has not alleged that a policy or custom of the City of Hartford caused him a constitutional injury. Therefore, the claims against the officers in their official capacities are dismissed without prejudice.

The plaintiff asserts a due process claim under the Fourteenth Amendment for the defendants' "negligence in honest and honorable police duty," which the Court construes as a claim for failure to investigate. Plaintiff alleges that the officers failed to recover his property or arrest the suspects responsible for robbing him. "[A] 'failure to investigate' is not independently cognizable as a stand-alone claim," *McCaffrey v. City of N.Y.,* 2013 WL 494025, at *5 (S.D.N.Y. Feb. 7, 2013), and "there is no federal right to have criminal wrongdoers prosecuted." *Marsh v. Kirschner,* 31 F.Supp.2d 79, 81 (D.Conn.1998) (citations omitted); *see also Grega v. Pettengill*, 123 F. Supp. 3d 517, 536–37 (D. Vt. 2015) ("[D]istrict courts in this circuit have consistently declined to recognize a claim of 'failure to investigate' as a violation of due process giving rise to a damages action.") (collecting cases). This is because "the duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement

discretion." *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010). "That discretion precludes any legitimate claim of entitlement to a police investigation." *Id.* (internal quotation marks omitted). Thus, plaintiff's Fourteenth Amendment claim against the officers is DISMISSED.

Plaintiff also makes a Fourth Amendment claim against the officers. Even liberally construing plaintiff's Complaint, the Court is unable to discern any Fourth Amendment claim. He alleges that he stopped the police car to speak with Officer Jones and that he "volunteered" to go with the officers to recover his property. Thus, plaintiff's Fourth Amendment claim against the officers is DISMISSED.

## V.     Conclusion

For the reasons stated above, the claims against the Hartford Police Department, City of Hartford, Officer Welson, and Officer Jones are DISMISSED with prejudice. Plaintiff's Motion to Appoint Counsel is DENIED as moot. (ECF No. 33.) The Clerk is directed to close the case.

IT IS SO ORDERED.

 /s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           March 13, 2017